UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| ROBERT ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:16-cv-00624-JDL |
| | ) | |
| DEPARTMENT OF HEALTH AND HUMAN SERVICES, | ) ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION AFTER SCREENING PURSUANT TO 28 U.S.C. § 1915**

In this action, Plaintiff Robert Anderson asserts a claim against the Maine Department of Health and Human Services based on the State's actions in connection with certain guardianship proceedings. (Complaint, ECF No. 1.)

Plaintiff filed a motion for leave to proceed in forma pauperis (ECF No. 2), which motion the Court granted. (ECF No. 4.) Because Plaintiff is proceeding in this matter in forma pauperis, his action is subject to review under 28 U.S.C. § 1915(e)(2)(B) to ensure that it states a claim for which relief may be granted in this Court.[1]

After review of Plaintiff's complaint, I recommend the Court dismiss the complaint.

**BACKGROUND FACTS**

Plaintiff alleges that the Department of Health and Human Services (the Department) "went to court behind [his] back and took over [his] guardianship … without proper

---

[1] In recognition of the fact that a waiver of filing fees encourages some individuals to file suit regardless of the merits, the in forma pauperis statute authorizes the court to dismiss *sua sponte* those actions that fail to state a viable claim, 28 U.S.C. § 1915(e)(2)(B), "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

representation." (ECF No. 1 at 5.) Additionally, Plaintiff maintains the Department "took [a] check and placed [it] in another bank and blocks [his] access to [the] check." (*Id.*) Plaintiff seeks a return of the check to his bank account (*Id.*) Plaintiff in essence challenges the Department's guardianship of him, and the Department's control over his funds.

## DISCUSSION

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14). Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young*

2

*v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

As part of the initial review of a plaintiff's complaint, a court must determine whether the plaintiff has asserted a claim within the court's jurisdiction. "Federal courts are courts of limited jurisdiction. They cannot act in the absence of subject matter jurisdiction, and they have a sua sponte duty to confirm the existence of jurisdiction in the face of apparent jurisdictional defects." *United States v. Univ. of Mass., Worcester*, 812 F.3d 35, 44 (1st Cir. 2016).

Here, the Eleventh Amendment to the United States Constitution presents a potential jurisdictional obstacle to Plaintiff's ability to assert a claim against the Department in federal court. The State of Maine is immune under the Eleventh Amendment from suits brought by citizens in federal court, regardless of the form of relief requested. *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 n. 6 (1st Cir. 2009) ("A plaintiff may seek prospective injunctive relief against a state official, but may not obtain such relief against a state or its agency because of the sovereign immunity bar of the Eleventh Amendment."). Furthermore, while a federal district court would have jurisdiction under the Civil Rights Act, 42 U.S.C. § 1983, over claims against persons exercising state authority,[2] § 1983 does not authorize claims against the state or its agencies. *Will*

---

[2] Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
> …

42 U.S.C. § 1983.

*v. Mich. Dep't of State Police,* 491 U.S. 58, 64 (1989); *see also Nieves–Marquez v. Puerto Rico,* 353 F.3d 108, 124 (1st Cir. 2003) ("No cause of action for damages is stated under 42 U.S.C. § 1983 against a state, its agency, or its officials acting in an official capacity.").

Because the Department is an agency of the State of Maine, Plaintiff's complaint is a claim against the State. Under the Eleventh Amendment, the Court lacks jurisdiction over Plaintiff's complaint.[3] Accordingly, Plaintiff's complaint should be dismissed.

## CONCLUSION

Based on the foregoing analysis, and pursuant to 28 U.S.C. § 1915(e)(2), I recommend the Court dismiss Plaintiff's complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of December, 2016.

---

[3] Eleventh Amendment immunity may be waived by a state in some circumstances. For example, states that participate in certain federal programs through which they accept federal funds may by such conduct waive immunity under the Eleventh Amendment to causes of action expressly authorized by Congress in the context of such programs. *See, e.g., Lebron v. Commonwealth of Puerto Rico*, 770 F.3d 25, 32 (1st Cir. 2014) (providing as examples the Individuals with Disabilities in Education act and the Rehabilitation Act). Plaintiff's complaint does not identify any such federal action or program. *See also Edelman v. Jordan*, 415 U.S. 651, 673 (1974) ("The mere fact that a State participates in a program through which the Federal Government provides assistance for the operation by the State of a system of public aid is not sufficient to establish consent on the part of the State to be sued in the federal courts.").